**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| SIMON P. DEARN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:26-cv-00469-MTS |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The City of St. Louis has placed numerous cameras throughout the City. One of the cameras captured Plaintiff Simon P. Dearn abandoning unwanted items near (but not inside) a dumpster in an alley by his home. The City cited him for illegal dumping. *See* St. Louis, Mo., Rev. Code § 11.02.365(A) (2020). Plaintiff later filed this putative class action challenging the City's "systematic and suspicionless surveillance of residential properties through a covert network of cameras installed throughout the City's alleyways." Doc. [1] at 1. The City moved to dismiss Plaintiff's action. Doc. [6]; *see also* Fed. R. Civ. P. 12(b)(6). In response, Plaintiff filed a First Amended Complaint as a matter of course. Doc. [12]; *see also* Fed. R. Civ. P. 15(a)(1)(B). The City then moved to dismiss once again. Doc. [14]. This time, Plaintiff neither opposed the Motion nor sought leave to amend his pleading. *See* Doc. [16] (providing Plaintiff the standard fourteen days to oppose the Motion); *see also* E.D. Mo. L.R. 4.01(B).

Plaintiff's First Amended Complaint advances suspect legal theories concerning the application of the Fourth Amendment to the City's camera system. *See Carpenter v.*

*United States*, 585 U.S. 296, 316 (2018) ("We do not . . . call into question conventional surveillance techniques and tools, such as security cameras."); *United States v. Gregory*, 128 F.4th 1228, 1244 (11th Cir. 2025) ("[N]o federal circuit court has found a Fourth Amendment search based on long-term use of pole cameras on public property to view plainly visible areas of a person's home." (quoting *United States v. Tuggle*, 4 F.4th 505, 522 (7th Cir. 2021))).  What is more, Plaintiff and his counsel seek to represent a class of similarly situated individuals.  *See* Fed. R. Civ. P. 23(a)(4), (c)(1)(B).

Defendant's Motion to Dismiss the First Amended Complaint persuasively argues that Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff's failure to oppose Defendant's Motion in a complex case like this one is unacceptable. Thus, the Court construes his failure to oppose the Motion as an abandonment of his claims.  *See Thomas v. Walmart Stores, LLP*, 4:13-cv-0565-HEA, 2014 WL 117645, at *2 (E.D. Mo. Jan. 13, 2014) (collecting cases); *see also Farraj v. Cunningham*, 659 F. App'x 925, 927 (9th Cir. 2016) (mem.) (affirming the district court's dismissal of plaintiff's complaint "based on his failure to oppose the motions to dismiss").

The Court therefore will grant the unopposed Motion and will dismiss this action without prejudice.  Doing so without prejudice will allow Plaintiff the opportunity to thoughtfully consider whether he is prepared to litigate this action and whether his claims are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Accordingly,

- 3 -

      **IT IS HEREBY ORDERED** that Defendant's unopposed Motion to Dismiss, Doc. [14], is **GRANTED**.  The Court will enter herewith an Order of Dismissal that will dismiss this action without prejudice.

      Dated this 28th day of July 2026.

                           MATTHEW T. SCHELP
                           UNITED STATES DISTRICT JUDGE